JOSEPH MCSWEENEY, as Temporary Administrator of the Estate of REUBEN MELENKY, Respondent, *v.* ASHER P. MELEN, Appellant.

*Real property — equity — accounting — action to have deeds to real property declared mortgage and for accounting.*

*Melenky* v. *Melen,* 206 App. Div. 649, affirmed.

(Argued October 4, 1923; decided October 23, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 18, 1923, unanimously affirming an interlocutory judgment in favor of plaintiff entered upon the report of a referee. The action was brought to have certain deeds by which the title to four pieces of property in the city of Rochester was placed in the name of the defendant declared a mortgage to secure a loan of $27,000, made by the defendant to the plaintiff during a period when plaintiff was purchasing and improving said properties. The complaint also alleged that the defendant had been paid on said loan certain amounts of money, and that he had been in possession of the premises for upwards of five years, and asked for an accounting by the defendant and a determination of the amount, if any, remaining unpaid on said loan, and that the plaintiff be allowed to pay the same and retake title to said properties.

The following questions were certified:

" 1. Did the act of the plaintiff in taking and recording the life estate deeds executed by defendant after a talk with his brother Nathan, and the execution of deeds of the remainder to his brothers and sisters, left with the attorney but not delivered, constitute, under the facts found, an accord and satisfaction between the parties?

" 2. Was plaintiff, as matter of law, estopped from maintaining this action for the reason that he took and recorded the deeds of a life estate in the premises, executed by defendant?

" 3. Was there a new and superior contract super-

seding and extinguishing the claims and rights upon which the plaintiff's complaint is based?

" 4. Was plaintiff's conduct in taking and recording the life estate deeds so unconscientious and unjust that as a matter of law the trial court would be justified in refusing him relief ? "

*George S. Van Schaick* for appellant.
*William F. Lynn* for respondent.

Judgment affirmed, with costs; questions certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ. CRANE, J., dissenting: On the uncontradicted evidence an agreement for settlement was made and partially executed by the plaintiff and he is estopped from maintaining this action.